UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA BEST-SANTOS,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No. 15-cv-02323-RS

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

    Defendant Wells Fargo Bank, N.A. entered into judicially approved stipulation in which it undertook to perform a loan modification review for the loan at issue in this litigation. The borrower on that loan is the former husband of plaintiff Barbara Best-Santos. The residential property secured by the loan was awarded to Best-Santos as her sole and separate property in the marital dissolution proceedings between her and her former spouse, but she was not, and is not, a co-borrower on the loan.

    When Wells Fargo advised the court that it would not conduct a loan modification review for Best-Santos, an order issued directing it to show cause why it should be excused from its obligation under the stipulated order to do so. Wells Fargo now explains that at the time it made the offer to conduct a loan modification review, it had not fully-considered the ramifications of the fact that as a non-borrower, Best-Santos would also have to qualify to assume the loan, in conjunction with any modification.

    Wells Fargo offers two reasons it contends Best-Santos is ineligible to assume the loan,

thereby rendering any further consideration of loan modification academic. One, Wells Fargo argues that under 12 C.F.R. § 1026.32(d), lenders are no longer permitted to make "high cost loans" that include a "payment schedule with regular periodic payments that cause the principal balance to increase." Wells Fargo reasons that this prohibition against making new "negative amortization" loans should, by extension, preclude it from allowing a new borrower to assume an existing negative amortization loan.

At the time the loan was made in 2005, it undisputedly permitted repayments on a schedule that would result in negative amortization. The terms, however, included a negative amortization cap of 125% of the original loan principal. See Rapkine Supplemental Decl. Exh. A, para. 3 (f). Upon that cap being reached, subsequent payments are due under a schedule that is fully amortized. *Id.*

Given the ten years that have elapsed, it is not probable that the loan still has a "payment schedule with regular periodic payments that cause the principal balance to increase," and Wells Fargo certainly has not shown otherwise. Accordingly, there is no basis to conclude that Wells Fargo would be legally precluded by 12 C.F.R. § 1026.32(d) from allowing Best-Santos to assume the loan.

Wells Fargo also asserts, however, that its own policy prohibits any assumption of a delinquent loan, and that it makes no exceptions to that policy. Although it is unclear why Wells Fargo refuses to make an exception here, particularly in light of the representation it made to the court, the prior stipulated order does not in itself give rise to a legally enforceable obligation on Wells Fargo's part to waive its standard requirement that any loan be current prior to assumption.[1]

While it plainly is the case that the parties (and the Court) anticipated that Wells Fargo would be going through all of the typical steps of processing a loan modification application, it is

---

[1] As noted in the order to show cause, whether Wells Fargo had some other legal obligation to consider plaintiff for a loan modification/assumption prior to the initiation of this action is a contested issue, subject to resolution at a later juncture. The only conclusion at this juncture is that the stipulated order does not require Wells Fargo to disregard its standard policy on loan assumptions.

also clear that the stipulated order did not guarantee a loan modification would be approved, or require Wells Fargo to depart from any of its existing policies and procedures in evaluating Best-Santos's suitability for a modification.  Therefore, Wells Fargo effectively complied with its obligations under the stipulated order, albeit in the most minimal and legalistic manner.  It evaluated Best-Santos's eligibility for a loan modification, and concluded she did not meet the threshold requirement of qualifying to assume the loan, because the loan is not current.  Accordingly, the order to show cause is discharged.  The previously-set hearing on the motion to dismiss, set for March 24, 2016 shall go forward as scheduled.

**IT IS SO ORDERED**.

Dated:  March 21, 2016

_____
RICHARD SEEBORG
United States District Judge