UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARBARA BEST-SANTOS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No. 15-cv-02323-RS

**ORDER RE MOTION TO DISMISS**

Defendant's motion to dismiss is denied in part, and granted in part, with leave to amend. Plaintiff's claim for breach of contract[1] is not subject to dismissal at the pleading stage. Plaintiff pleads that she is an intended third-party beneficiary of the contract, with respect to certain provisions governing assumption of the loan by a new owner of the subject property. Plaintiff alleges that she had the ability to satisfy the conditions for such an assumption, but that defendant breached its contractual obligations under those provisions to permit her to apply. Defendant contends the plaintiff is precluded from advancing any claims as a third party beneficiary because

---

[1] Plaintiff asserts two contractual counts, one of which is labeled as breach of the covenant of good faith and fair dealing. Because tort remedies for breach of the covenant of good faith and fair dealing are not available in this context, that count likely is duplicative of the basic contract claim. Without concluding that all of the specific purported breaches mentioned in each count necessarily are actionable, plaintiff has stated at least one viable breach of contract claim, for the reasons discussed in this order.

1   she signed a provision indicating she was "waiving any current or potential interest in the
2   Property." At least at this juncture, the intent of that provision appears to have been to preclude
3   plaintiff, in her capacity as a non-borrower spouse, from asserting any interest in the property
4   superior to the security interest defendant was then acquiring. Defendant has not established as a
5   matter of law that the provision should be given the further effect of disqualifying plaintiff from
6   being a person who subsequently acquires title to the property, subject to defendant's
7   encumbrance, and who then is entitled to the benefits of the contractual provisions governing
8   assumption of the loan.

9   Defendant also argues that plaintiff cannot state a contractual claim because granting or
10  denying loan assumption is wholly within its discretion. Defendant points to the use of the term
11  "may" in the relevant contractual provisions. Again, defendant has not shown that it can be
12  concluded as a matter of law at the pleadings stage that it held unfettered discretion to approve or
13  reject an application for a loan assumption. Rather, on its face, the contractual language sets outs
14  conditions, which, if met, appear to give a new owner the right to assume the loan. The contract
15  does not provide that defendant "may" permit assumption; it states that the loan "may" be
16  assumed upon satisfaction of the stated conditions. Thus, while defendant can deny assumption if
17  it in good faith concludes an applicant has not satisfied the conditions, grammatically the "may"
18  refers to the choice the new owner has to assume the loan if she or he can meet those conditions,
19  not to discretion on defendant's part.

20  Finally, defendants moving papers advance the argument, not pressed on reply, that
21  plaintiff cannot pursue a breach of contract claim because the loan was in default. The complaint,
22  however, adequately alleges why plaintiff's own contractual performance was prevented or
23  excused. Accordingly, the motion is denied as to the contractual claims.

24  Plaintiff has not established a basis to proceed under the Civil Code provisions, however,
25  as she does not meet the statutory definition of "borrower." While that definition does not
26  expressly apply to the provision cited in the fourth claim for relief, plaintiff has nevertheless
27  alleged no facts showing that the defendant breached any duty under that section. Plaintiff has
28

also not alleged sufficient facts to support a claim for fraud or negligent misrepresentation.

Plaintiff's negligence and unfair completion claims are currently pleaded as if she effectively were the "borrower" and had valid statutory claims, and therefore fail. It is unclear how a duty apart from, or in addition to, any contractual obligations might be articulated under these basic factual circumstances.  Nevertheless, because there is no dispute that defendant did not have a legal right to declare the loan immediately due in full upon transfer of the property to plaintiff, some kind of relationship necessarily arose between plaintiff and defendant, and plaintiff may be able to establish duties flowing from that relationship.  Accordingly, all of the counts other than the two sounding in contract are hereby dismissed with leave to amend.  Any amended complaint, or a statement that plaintiff elects to stand on the remaining claims, shall be filed within 30 days of the date of this order.

**IT IS SO ORDERED**.

Dated: April 12, 2016

_____
RICHARD SEEBORG
United States District Judge