**NELSON W. GOODELL, ESQ., SBN 264734**
The Goodell Law Firm
5 Third Street, Suite 1100
San Francisco, CA 94103
(415) 495-3950 (office)
(415) 495-6900 (fax)

Attorney for Plaintiffs
BARBARA BEST-SANTOS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA BEST-SANTOS, | **Case No. 15-CV-02323-RS** |
| Plaintiff. | **NOTICE OF OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE, NBS DEFAULT SERVICES, LLC, and Does 1 through 20, inclusive, | Hearing Date: June 29, 2017 |
| | Time: 1:30 p.m. |
| Defendants | Location: 450 Golden Gate Avenue, San Francisco, CA 94102 |
| | Courtroom: 3 (17th Floor) |
| | Judge: The Hon. Richard Seeborg |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 29, 2017, at the above-captioned court located at 450 Golden Gate Avenue, San Francisco, CA 94102, at 1:30 p.m., or as soon thereafter as the matter may be heard, Plaintiff BARBARA BEST-SANTOS ("Plaintiff") will oppose the motion for an order dismissing Plaintiff's Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by the defendant, Wells Fargo Bank, N.A ("Wells Fargo").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

1

In a frivolous and desperate attempt from a multi-billion dollar corporation to drive up litigation costs as to a single mother, Wells Fargo brings this motion to dismiss that violates the Federal Rules of Civil Procedure and this Court's Local Rules by asking the Court to reconsider arguments that it has already flatly rejected and by making new arguments (which, in any event, lack in any merit whatsoever) that could have been made in their two prior motions to dismiss. Since this Court has already decided that the majority of the claims presented here are not so barred, and the new evidence uncovered by Plaintiff in the discovery process also clearly demonstrates that her new claims for conversion and violations of the Truth and Lending Act 12 C.F.R. § 1026.36(c)(1)(ii)  are also not barred as a matter of law, the Court should deny this motion in its entirety.

## II.    PROCEDURAL HISTORY

On April 24, 2015 Plaintiff sought and obtained, a temporary restraining order enjoining the foreclosure sale scheduled for April 27, 2015. *See RJN Exh. L.*  Defendants filed a Notice of Removal in United States District Court of Northern California. Thereafter, on May 29, 2015 Defendants filed their Motion to Dismiss the Complaint. *See RJN Exh. E.* Plaintiff filed her First Amended Complaint on June 24, 2015 with Defendants filing their Motion to Dismiss the First Amended Complaint on July 14, 2015. *See RJN Exh. J, F.* On April 12, 2016 the Court denied in part and granted in part Defendants Motion to Dismiss Plaintiff's First Amended Complaint. On May 12, 2016 Plaintiff filed her Second Amended Complaint with Defendants filing their Motion to Dismiss the Second Amended Complaint on June 1, 2016. *See RJN Exh. K, G.* On September 16, 2016 the Court granted in part and denied in part Defendants' Motion to Dismiss Second Amended Complaint with claims for negligence, unfair business practices, breach of contract, and breach of implied covenant of good faith and fair dealing being granted. Thereafter,

the Second Amended Complaint was the operative complaint and the Parties went forward with discovery. Plaintiff sent out discovery requests on November 3, 2016. Defendants replied to said requests on December 13, 2016.

On January 14, 2017 Defendants' counsel informed Plaintiff's counsel that Defendants would review Plaintiff under the SIMO-MOD program. *See Goodell Dec. ¶4, Exh. A.* At the end of January of 2017 Plaintiff sent Defendants her loan modification application for review. *See Goodell Dec. ¶5.* On February 27, 2017 Defendants sent a denial letter of Plaintiff's loan modification application. *See Goodell Dec. ¶6, Exh. B.* Thereafter, Plaintiff's counsel sent Defendants an appeal letter on April 17, 2017 in response to the February 27, 2017 denial. *See Goodell Dec. ¶7, Exh. C.* On April 26, 2017 Defendants responded to and denied said appeal. *See Goodell Dec. ¶8, Exh. D.*

On March 16, 2017 Plaintiff sent out Requests for Production of Documents, Set Two, to Defendants. During the discovery process documents were produced that resulted in the filing of Plaintiff's Third Amended Complaint, namely documents that clearly demonstrated that Wells Fargo had improperly sent Plaintiff's money to Jackson Santos. Soon thereafter on May 3, 2017, the Parties filed a Joint Discovery Letter Brief as Defendants had not produced documents that Plaintiff had requested. *See RJN Exh. H.* On May 11, 2017 the Court granted Plaintiff's request to compel production of such documents. *See RJN Exh. I.* On May 25, 2017 Defendants produced the documents, these documents related to Defendant's loan assumption policies and procedures. As cited in the documents produced by Defendant their policy regarding "simultaneous modification and assumption" is listed in the highlighted section of the sealed document. (*See Goodell Dec. Exh. F*). The Plaintiff refers the Court to the highlighted section of Exhibit F to the Goodell Declaration, due to the fact that the Defendant designated these

documents as confidential and, therefore, Plaintiff is precluded from quoting them in this publicly-available brief.  As is put forward there, it is clear that Wells Fargo's internal policies do not prohibit a party that is delinquent on their mortgage from assuming a loan.

In addition, the Defendant's policies (*See Goodell Dec. Exh. G*) also provided a list of s situations in which borrowers are not permitted to assume a loan in a situation such as this one. The Plaintiff refers the Court to this exhibit, and a quick review demonstrates that the Plaintiff's loan does not fall into these categories.  On this point, the previous loan modification did not convert the loan to a fixed rate, but rather the rate changed over time.

In addition, Wells Fargo's policies also list criteria for review for a borrower in a situation such as this one in Exhibit H to the Goodell Declaration.  (*See Goodell Dec. Exh. H*) All of these criteria are met here.  *See TAC ¶¶28, 31, 32, 35, 63, 78.* Finally, as Defendant's counsel admits in his e-mail, there is no third party investor and there is also no guarantor of this mortgage.  *See Declaration of Nelson Goodell, Exhibit A.*   Thus, Plaintiff met all of Wells Fargo's internal criteria and should have been permitted to apply for a modification and assumption of this loan before this case was filed.

Furthermore, it is incredibly telling that the Defendant has, merely months ago, did indeed determine that the Plaintiff's loan could be considered for an assumption, notwithstanding this document.   Indeed, their own counsel stated in an e-mail that "Wells Fargo will review Ms. Best-Santos under the SIMO-MOD program.  Under this review, your client will be evaluated for a potential modification as if she were the borrower, and if she qualifies, an assumption of the loan and modification can occur simultaneously. (because there is no investor for this loan, there is no impediment to disregarding the provision in the 2009 modification agreement that the loan is no longer assumable.)." *See Goodell Dec. Exh. A.* While Wells Fargo did not ultimately grant

the Plaintiff a loan modification (for reasons that Plaintiff disputes), it is obvious that Wells Fargo's argument that the contract precluded them from doing so is totally meritless and borders on frivolous.

## II. <u>LEGAL STANDARDS</u>

The only salient issue before a federal district court in a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is whether a complaint contains "sufficient factual matter, *accepted as true*, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

Thus, motions to dismiss a claim for failure to state a claim upon which relief may be granted are reserved for situations in which plaintiffs have failed to state facts (facts are automatically assumed to be true for the purpose of this motion) that lead to a "cognizable legal theory." *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the ASSUMPTION THAT ALL THE allegations in the complaint are true") (emphasis in original); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"), *Scheuer v. Rhodes*, 416 U.S. 232, 236 (a properly pleaded complaint may proceed even if appears that is factual basis is so weak "that a recovery is remote and very unlikely."); *al-Kidd v. Ashcroft*, 2009 WL 2836448 (Sept. 4, 2009) ( "[W]e proceed as we must in a review of *all* Rule 12(b)(6) motions, accepting as true *all* facts alleged in the complaint, and drawing *all reasonable inferences in favor of the plaintiff*") (emphasis added); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988).

### III.   **ARGUMENT**

**A. THE DEFENDANTS ARGUMENT THAT THE CASE MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 19 IS MERITLESS BOTH FACTUALLY AND LEGALLY.**

As an initial matter, Wells Fargo's motion is unclear as to how precisely it proposes Mr. Santos to be "joined" in this lawsuit – as a plaintiff or a defendant.  Quite obviously, given the allegations in the complaint, Plaintiff has no desire to be a co-plaintiff with Mr. Santos who has threatened her family with violence and had to be physically removed by the Contra Costa County Sheriff's Department.  Wells Fargo cites no authority for the proposition that parties so at odds with each other must be co-plaintiffs, and the cases the cite are totally factually, and legally, inapposite for the reasons discussed below.   In addition, on this point, Wells Fargo is free to file its own cross-complaint against Mr. Santos should it wish, but the Plaintiff is by no means required to join him as a condition of bringing this litigation for the reasons mentioned below. Indeed, Rule 14 of the Federal Rules of Civil Procedure is specifically enacted for this purpose, which gives parties the right to file a third party complaint against a party not already in the action.  It is settled that, if an absent person whose joinder is important can be added by impleader under Rule 14, dismissal under Rule 19(b) is not available. *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010).

Wells Fargo is entirely factually and legally incorrect in arguing that "Mr. Santos has a substantial interest in this litigation", since, per Wells Fargo, "he would potentially be entitled to a portion of the relief." The Contra Costa County Superior Court's orders dated April 29, 2013 leave nothing to the imagination on the rights and responsibilities of the parties in respect to both the property at issue in the litigation and the underlying loan.  *See RJN Exh. A.* Indeed, that order states that the Plaintiff is awarded full title to the premises, and a subsequent Court-ordered deed (after Mr. Santos refused to sign said deed) provided Ms. Best-Santos 100% title to the property.

*See RJN Exhs. A, B.*  In addition, the Court further ordered that the Plaintiff was responsible "for all encumbrances thereon." *See RJN Exh. A.*  Thus, this Court is demonstrably different from any of the cases cited by the Defendant in support of their "proposition that a borrower is an indispensable party in a lawsuit that challenges a foreclosure." *Bickoff v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 118147, *8-9 (S.D. Cal. Aug. 20, 2012); *Ramsey v. Bomin Testing, Inc.*, 68 F.R.D. 335, 338 (W.D. Okla. 1975).  Indeed, as discussed in detail below, a valid rule issued by the United States Department of Treasury, pursuant to the Home Affordable Modification Program, requires Wells Fargo to consider the Plaintiff for a loan modification and/or assumption.  Indeed, Rule 8.8 provides that:

> *Non-borrowers who inherit or are awarded sole title to a property may be considered for HAMP even if the borrower who previously owned the property was not already in a TPP. Such title holders may be considered for HAMP if they meet all applicable eligibility criteria. In this case, servicers should collect an Initial Package from the non-borrower who now owns the property and evaluate the request as if he or she was the borrower. The servicer should process the assumption and loan modification contemporaneously if the titleholder is eligible for HAMP and investor guidelines and applicable law permit an assumption of the loan.*

Pursuant to binding Ninth Circuit precedent, Wells Fargo is required to follow the HAMP Rules and regulations, since it is a participant in HAMP.  *Corvello v. Wells Fargo* 728 F.3d 878, 880 (9th Cir. 2013).  Nothing in the above-referenced rule requires Mr. Santos to play any role in the loan modification and assumption process since the Plaintiff has been awarded sole title to the property.   As the agency in charge with administering with the Emergency Economic Stabilization Act of 2008,  its rule is binding, unless it is determined to be procedurally defective, substantively arbitrary or capricious, or manifestly contrary to the statute.  *U.S. v. Mead Corp.*, 533 U.S. 218, 226-27 (2001).  Wells Fargo makes no attempt to challenge the validity of the rule in its motion.  As such, this valid federal regulation that Wells Fargo is required to consider

Plaintiff, as the sole owner of the property here, means that Mr. Santos is not a party that has any genuine interest in the stake of this litigation and his absence does nothing to impede Wells Fargo's ability to protect his interest.

Furthermore, the Defendant's argument that "the loan contract cannot be modified without the express written consent of Jackson Santos" is factually and legally incorrect for the reasons stated above.   The valid order (which has not been appealed or challenged by any party thereto) issued by the Contra Costa County Superior Court that the Plaintiff is awarded sole title the property and Mr. Santos is not responsible for paying the mortgage whatsoever, at least as between Ms. Best-Santos and Mr. Santos, cannot be disregarded by Wells Fargo, nor may valid regulations issued by the United States Department of Treasury.   Following Wells Fargo's argument, it could disregard an injunction issued by a state court preventing them from engaging in conduct that could be construed as violating any provision of the Deed of Trust that ran afoul of the Plaintiff's rights, due to this argument that Courts have no authority to "modify" a contract, but Wells Fargo fails to cite a single piece of authority for this proposition.

Turning more precisely to the issue, Rule 19 requires a district court to consider up to three questions.   First, the Court must determine whether a person should be joined under the standard of Rule 19(a).   If the Court concludes that there is no need to join the person, the analysis should end at this point.   *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010).   If, on the other hand, the Court concludes that the person ought to be joined under a provision of Rule 19(a), the Court will determine whether the person may feasibly be joined. *Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015).

On the second question, it is relevant to determine whether joining the party would destroy jurisdiction or venue.   *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir.

2010). If the Court was inclined to dismiss the Plaintiff's Truth in Lending claim (which Plaintiff does not think that the Court should do, obviously), then this argument would fail as a matter of law for that reason alone. Rule 19(a)(1) explicitly states that joinder is only required if the person required to be joined "is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." If the Court does dismiss the Truth in Lending claim, the only basis for this Court's jurisdiction would be diversity jurisdiction, pursuant to the Notice of Removal filed as Docket No.1. Thus, this Court should not order joinder if by doing so would mean that the subject matter jurisdiction of this Court would be lost, particularly given the long delay by Wells Fargo in making this argument. Indeed, this case has been pending since April 24, 2015 - over two years prior to this motion being heard. The parties have already propounded discovery on each other, and are actively litigating this case. It would be a substantial waste of resources were the Court to dismiss this case without prejudice and require the Plaintiff to start anew in state court and, unlike the Defendant, the Plaintiff is not a multi-billion dollar corporation with endless coffers to litigate this dispute.

Indeed, the 1966 Advisory Committee notes on FRCP 19 explicitly state that "when the moving party is seeking dismissal in order to protect himself against a later suit by the absent person (subdivision (a)(2)(ii)), and is not seeking vicariously to protect the absent person against a prejudicial judgment (subdivision (a)(2)(i)), his undue delay in making the motion can properly be counted against him as a reason for denying the motion." Thus, Wells Fargo's two year delay in making this motion should result in the Court denying it for that reason alone.

One final point is that Rule 20 governs circumstances in which a Plaintiff has authority to join other persons as parties when they share an interest in a lawsuit. Fed. R. Civ. Pr. 20(a). Rule 19, by contrast, requires joinder when a person's presence is central to the administration of

9

justice in the case.  Thus, application of Rule 19 will normally occur only when the interest of the absent person is particularly strong.  *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3rd Cir. 1980).  For the reasons given above, there is not such a strong showing since Mr. Santos has no interest in the property at issue here.  Thus, the Defendant's motion should be denied.

## B.  THE MOTION VIOLATES NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE 7-9(a) AND FEDERAL RULE OF CIVIL PROCEDURE 12(g)(2).

Pursuant to Federal Rule of Civil Procedure 12(g)(2), a party may not make an argument on a subsequent motion to dismiss that could have been made as a part of a prior motion to dismiss.  Here, Wells Fargo's motion to dismiss relies heavily on an unauthenticated document (which Plaintiff objects to this Court considering for other reasons, as discussed below) to argue that Plaintiff's claims for breach of contract and breach of implied covenant of good faith and fair dealing  fail.  However, Wells Fargo never raised this argument as part of their prior motions to dismiss.  *See RJN Exhs. E, F, G*.  This is plainly improper, pursuant to Federal Rule of Civil Procedure 12(g)(2) and directly on-point judicial authority.  *Hild v. Bank of America, N.A., et. al.,* Case No. 5:14-cv-02126-JGB-SP, Dckt. No. 35, pp. 4-5 *(*C.D. Cal. Apr. 21, 2015); *Romo v. Wells Fargo Bank, N.A. et al,* Case No. 3:15-cv-03708-EMC, Dckt. No. 29 pp. 3-4 (C.D. Cal. June 28, 2016).

Indeed, in a case involving this very Defendant and the same defense counsel and the same Plaintiff's counsel, Judge Edward Chen rejected Wells Fargo's attempt to make a new argument relating to their claim that Plaintiff should have had to list in the complaint the precise HAMP guideline that they claimed Wells Fargo violated, since Wells Fargo never made that argument in a prior motion to dismiss.  *Romo v. Wells Fargo Bank, N.A. et al,* Case No. 3:15-cv-03708-EMC, Dckt. No. 29 pp. 3-4 (C.D. Cal. June 28, 2016

So too here.  The central part of Wells Fargo's motion to dismiss relies heavily upon their argument that an alleged modification agreement signed by Jackson Santos bars the Plaintiffs claims. *See Goodell Declaration Exh. D*. While Defendants have not authenticated this document and the fact that it is being produced this late in the litigation makes its genuineness appear particularly problematic, Rule 12(g)(2) prohibits Wells Fargo from even making this argument at all in conjunction with this motion. Thus, the Court should not consider any arguments based on Wells Fargo's claim that the alleged loan modification agreement bars the Plaintiff's claims.Indeed, in *Green v. ADT LLC*, Judge Beeler cited *Romo v. Wells Fargo Bank, N.A.* to rule that "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading." *Green v. ADT LLC* Case No. 16-cv-02227-LB, ECF No. 21 (C.D. Cal. September 23, 2016).

Moreover, Wells Fargo may not also continue to make the same arguments that it previously made in conjunction with prior motions to dismiss, which have already been rejected by this Court.  In effect, this is a motion for reconsideration because it asks the Court to reconsider what it has already decided, which is that the precise facts alleged in the Third Amended Complaint (which is virtually identical to the facts alleged in the Second Amended Complaint) give rise to a cause of action.  *Loop AI Labs v. Gatti, et al*., Case No.  15-cv-00798-HSG, Dkt. No. 1013 (C.D. Cal Apr. 11, 2017).

In *Gatti*, Judge Gilliam ruled that a party that filed a motion for attorney's fees after he had previously ruled that no party was entitled to attorney's fees and costs was effectively moving for reconsideration, which is barred by Local Rule 7-9(a). Based on this rule, Judge Gilliam held that "the motions for fees and costs were both filed in violation of Rule 7-9(a)

because the Almawave and IQS Entities did not obtain leave to file from the Court—perhaps because the Court had already explicitly stated that it would not entertain any motions for reconsideration of its sanctions order finding, inter alia, that each party must bear its own fees and costs" and denied their motion. This Court should follow Judge Gilliam's logic and likewise not consider the identical arguments Wells Fargo makes in their motion that plaintiff and her ex-husband, Jackson Santos, did not perform under the contract; the contractual allegations are recast as a tort; and Wells Fargo had a right to initiate a non-judicial foreclosure because the loan was delinquent, as it is an impermissible motion for reconsideration.

## C.  PLAINTIFF HAS STATED A VIABLE CLAIMS FOR BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT

As an initial matter, the Plaintiff objects to the Court taking judicial notice of the alleged modification agreement that they purport was signed by Jackson Santos.  The document has not been authenticated and was mysteriously not identified or produced by Wells Fargo for far over a year after this case was pending when a simple review of the file would have yielded its presence had it been there all along.  This is not a document whose authenticity is not in question - Plaintiff has filed objections contemporaneous to this opposition for this document to be considered.  Despite discovery being open since October 28, 2016, Wells Fargo has failed to depose Jackson Santos to establish this alleged document's validity.  As such, Plaintiff objects to this document being considered in conjunction with this motion.   Finally, due to the long delay in Wells Fargo's production of this unauthenticated document, there remains a distinct possibility that this contract could have been modified again and that modification has not been produced thus far.  Since the entire question before the Court is whether or not the Plaintiff's claims are barred as a matter of law, the Court should reject the Defendant's argument that the belated introduction of this unauthenticated document means that their motion must be granted.

To make a claim for breach of contract, Plaintiff must satisfy the following four elements: (1) the existence of the contract; (2) Plaintiff's performance or excuse for non-performance; (3) Defendant's breach, and (4) damages to Plaintiff therefrom. *Acoustics, Inc v. Trepte Construction Co., Inc.,* 14 Cal.App.3d 887, 913.   The Court previously denied Wells Fargo's motion to dismiss the plaintiff's contract-based claims, ruling that "The complaint, however, adequately alleges why plaintiff's own contractual performance was prevented or excused." *See Order Re: Motion to Dismiss Docket No. 46.*

As explained in the Plaintiff's Opposition to Defendants' Motion to Dismiss the Second Amended Complaint, paragraph 26 of the Deed of Trust plainly states that the Plaintiff should have a right to assume the loan if she met necessary conditions.   See TAC, paragraph 20.

Indeed, as mentioned earlier, the Court denied Wells Fargo's original Motion to Dismiss based upon this language in the Deed of Trust.   The Court also ruled that,

> "Defendant has not established as a matter of law that the provision should be given the further effect of disqualifying plaintiff from being a person who subsequently acquires title to the property, subject to defendant's encumbrance, and who then is entitled to the benefits of the contractual provisions governing assumption of the loan…Again, defendant has not shown that it can be concluded as a matter of law at the pleadings stage that it held unfettered discretion to approve or reject an application for a loan assumption. Rather, on its face, the contractual language sets outs conditions, which, if met, appear to give a new owner the right to assume the loan. The contract does not provide that defendant "may" permit assumption; it states that the loan "may" be assumed upon satisfaction of the stated conditions. Thus, while defendant can deny assumption if it in good faith concludes an applicant has not satisfied the conditions, grammatically the "may" refers to the choice the new owner has to assume the loan if she or he can meet those conditions, not to discretion on defendant's part."
> *See Order Re: Motion to Dismiss Docket No. 46.*

Thus, the Deed of Trust expressly contemplated that it may be assumed by an individual that is transferred an interest in the property, provided that they the transferee submits an application to be considered for an assumption of the loan; that the lender approves said application in writing; that the transferee meets the Lender's then current underwriting standards;

13

that the Plaintiff pays an assumption fee of no more than 1% of the outstanding balance of principal and interest at the time of the sale of the transfer of the Property; and that the transferee execute an adequate assumption agreement. In the Third Amended Complaint, the Plaintiff plainly pleads (just as she did in the first amended complaint) that she could have met all the conditions required by the Deed of Trust before the assumption could occur. In addition, in the Third Amended Complaint the Plaintiff makes new allegations that Wells Fargo breached the contract "by not permitting Plaintiff to bring the loan current by not crediting the payments she made to Wells Fargo and refusing other payments" since they sent payments Plaintiff made to Jackson Santos. *See TAC ¶160.*

Finally, the tax liens submitted by Wells Fargo are irrelevant and a red herring for several reasons.  First of all, the only reasons said liens are also in Plaintiff's name is because the Plaintiff was still married to Mr. Santos at the time, which has been previously explained to Wells Fargo.  Moreover, Wells Fargo has failed to identify a single policy, despite being ordered by this Court to produce same, that demonstrates that somehow these tax liens destroy her ability to assume the loan.  Putting all of that aside, this is a disputed factual matter that may not be resolved on a Rule 12(b)(6) motion.

In addition, Defendant ignores the new allegations in the Third Amended Complaint that provided the primary basis for Plaintiff filing an amended complaint.   First of all, Plaintiff discusses in paragraphs 59 and 60 how she "was unaware that the monthly payment on the loan increased on or about May 1, 2014 by several hundred dollars", and how she "made several payments to Wells Fargo in the old amount" and "Wells Fargo placed those payments in a suspense account, rather than crediting them towards the principal balance and interest on the loan."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**More fundamentally, Plaintiff alleges in paragraphs 61-63 that Jackson Santos contacted Wells Fargo and requested that payments that Plaintiff made on the loan be returned to him and, incredulously, Wells Fargo did indeed send those payments back to Mr. Santos, despite the fact that Wells Fargo was well aware that Plaintiff alone was responsible for making payments on the loan.   In paragraph 66, Plaintiff discusses a telephone recording produced in discovery in which a Wells Fargo representative "acknowledged that it was improper for Wells Fargo to be returning Plaintiff's payment to him", yet Wells Fargo, to date, has never returned the prior funds that Plaintiff made to them nor have they credited Plaintiff's account with said funds.   On this point, paragraph 153 alleges that "[i]n November 2014, the Plaintiff believed that she was two payments behind and attempted to make said payments to reinstate her loan."   In paragraph 68, however, Plaintiff alleges that Wells Fargo refused to accept the monthly payment she sent to them, due to the fact that it had improperly not credited her account for the several payments she had previously made that had been to Jackson Santos improperly.   Finally, the Third Amended Complaint also alleges that the recorded Notice of Default misstated substantially any alleged arrearage by Plaintiff, as she had paid, or tried to pay, at least four payments that Wells Fargo either improperly rejected or sent to Mr. Santos.**   Since the loan in question was in no plausible way 120 days delinquent at the time of the recordation of the Notice of Default, Wells Fargo had no right to initiate foreclosure, pursuant to a regulation promulgated as part of the Real Estate Settlement and Procedures Act, 12 C.F.R. 1024.41(f).  See TAC paragraph 70.

Here, there is little doubt that Wells Fargo's refusal to accept the payments she sent to them, as well as accepting payments from her and sending those payments to Mr. Santos and

then declaring Plaintiff in default, constituted a material breach of the contract that excused an exact performance by the Plaintiff.  Thus, it cannot be gainsaid that Plaintiff is barred as a matter of law from recovering on a breach of contract claim.  It is well-settled that a party is excused from performing when the other party materially breaches the contract.  *Brown v. Grimes,* 192 Cal.App.4th 265, 277-278 (2011).

For the same reasons, Plaintiff has a viable claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

**PLAINTIFF HAS PROPERLY PLEAD A CLAIM FOR NEGLIGENCE.**

Defendants argue in their Motion to Dismiss Plaintiff's Third Amended Complaint that Wells Fargo does not owe Plaintiff a duty of care because Plaintiff is not a Wells Fargo customer nor the borrower on the loan and that the negligence claims are the same claims as the contractual allegations and are therefore not actionable.

**1. The Plaintiff has established that Wells Fargo owed her a general duty of care.**

The primary argument advanced by Wells Fargo as to why the Plaintiff has not plead a viable Negligence claim is that Wells Fargo does not owe the Plaintiff a duty of care. By doing so, Wells Fargo ignores the overwhelming amount of recent authority issued by Northern District of California judges ruling to the contrary.  Indeed, Wells Fargo even incorrectly argues that the First District California Courts of Appeal's decision in *Alvarez v. BAC Home Loans Servicing, LP*, 228 Cal.App.4th 941 (2014) was wrong.

In *Alvarez*, the loan servicer voluntarily considered the Plaintiff in that case for a loan modification under the federal Home Affordable Modification program.  In this case the Court ruled that by doing so "they owed plaintiffs the duty to exercise reasonable care in processing

16

and reviewing their applications for loan modifications in accordance with the federal HAMP guidelines" *Alvarez*, 228 Cal.App. at 945.

The *Alvarez* Court further cited an additional case, *Garcia v. Ocwen Loan Servicing, LLC* (2010), as being "representative of those cases that have found that the *Biakanja* factors weigh in favor of imposing a duty of care on a lender that undertakes to review a loan for potential modification" (*Garcia v. Ocwen Loan Servicing, LLC, supra,* 2010 WL 1881098, pages *2–*4, 2010 U.S. Dist. Lexis 45375, p. 7–11) Importantly, the *Alvarez* cited Garcia as part of its opinion that, "Should plaintiffs fail to prove that they would have obtained a loan modification absent defendants' negligence, damages will be affected accordingly, but not necessarily eliminated." (*Garcia, supra,* 2010 WL 1881098, p.3, 2010 U.S. Dist. Lexis 45375, p.9.)

Additionally, the Court has repeatedly rejected the Defendant's argument that they do not owe the Plaintiff a duty of care. On the order on the motion to dismiss the First Amended Complaint, the Court ruled that "because there is no dispute that defendant did not have a legal right to declare the loan immediately due in full upon transfer of the property to plaintiff, some kind of relationship necessarily arose between plaintiff and defendant, and plaintiff may be able to establish duties flowing from that relationship." *See Order Re: Motion to Dismiss Docket No. 46.* In the order for the motion to dismiss the Second Amended Complaint, the Court ruled that, "because there is no dispute that defendant did not have a legal right to declare the loan immediately due in full upon transfer of the property to plaintiff, some kind of relationship necessarily arose between plaintiff and defendant, which can give rise to duties sufficient to support a negligence claim." *See Order Re: Motion to Dismiss Second Amended Complaint Docket No. 57.*

Recent case law only confirms the proposition that Wells Fargo owed the Plaintiff a duty of care. In *Daniels v. Select Portfolio Servicing, et. al.* (2016), the Court ruled that the *Biakanja* factors are the relevant criteria when determining whether a defendant owes a Plaintiff a duty of care, just like the *Alvarez* Court, and found that it was appropriate to impose a duty of care on the mortgage servicer's conduct to the Plaintiff in that case. *Daniels, et. al. v. Select Portfolio Servicing, Inc., et. al./Daniels, et. al. v. Bank of America, N.A., et. al.*, 246 Cal.App.4th 1150 (Ct. App. 2016).

Wells Fargo ignores the substantial additional new allegations put forward in the TAC for Plaintiff's negligence claim. In the TAC, Plaintiff alleges that even putting aside the Contra Costa Superior Court's Order, Wells Fargo had a number of obligations to her that included: accepting Plaintiff's loan payments under the Garn-St. Germain Act; acting reasonably toward the Plaintiff in providing her with loan information; acting in accordance with the HAMP Guidelines. *See TAC ¶¶64, 112, 121, 129, 160.* In addition, in the TAC, the Plaintiff makes new allegations that Wells Fargo breached their duty by not properly processing multiple payments but instead sending them to Jackson Santos and for not properly crediting Plaintiff's payments but instead putting them into an impound account. *See TAC ¶¶61, 62, 65, 66, 69.*

In addition, Wells Fargo's entire argument is that the "loan is no longer assumable", due to an unauthenticated document signed by Jackson Santos. Wells Fargo now claims that Ms. Best-Santos no longer has a right to assume the loan, due to this document. However, even assuming that this document was signed and renders the original Deed of Trust and mortgage non-assumable, it still would not mean that Ms. Best-Santos did not have a right to assume the loan. Nearly every standard Deed of Trust in California contains a similar provision that states: "If all or any part of the Property or any Interest in the Property is sold or transferred (or if

18

Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred)
without Lender's prior written consent, Lender may require immediate payment in full of all
sums secured by this Security Instrument. However, this option shall not be exercised by Lender
if such exercise is prohibited by Applicable Law." *See RJN Exh. C*. Thus, when the United States
Department of Treasury promulgated Rule 8.8 of the HAMP Handbook, it was (and still is)
commonplace that the Deed of Trust would contain a prohibition on loan assumption. Despite
said prohibition, the HAMP guidelines specifically require a mortgage servicer to permit a
borrower to apply for a loan assumption and loan modification contemporaneously. *See* HAMP
Handbook Rule 8.8; Fannie Mae Security Instruments; TAC ¶39. Moreover, the HAMP
Guidelines specifically state that a borrower is not require to be current in order to apply for a
loan modification. *See* HAMP Handbook Rule 8.8. Wells Fargo's decision to not follow these
guidelines is a central part of this case. *See* HAMP Handbook Rule 8.8.

Indeed, Wells Fargo's argument that it was not required to consider Plaintiff for a loan
modification/assumption and, therefore, that it was not required to produce documents relevant
to its internal guidelines permitting said modifications was implicitly rejected by Magistrate
Judge Jacqueline Corley who overruled Wells Fargo's objections and ordered them to produce
said documents.  The plain text of HAMP Rule 8.8 states that the servicer "***should*** process the
assumption and loan modification contemporaneously" so long "as investor guidelines and
applicable law permit an assumption of the loan." (emphasis added).  In *Lueras v. BAC Home
Loans Servicing* (2013) 221 Cal.App.4th 49, 75-76, the Court ruled that "[c]ase law has defined
"should" generally to mean a moral obligation or recommendation."  *Id.* At 75.  Following this
ruling, the Court rejected "the notion the word "should" in that announcement is entirely
permissive and imposes no responsibilities or obligations whatsoever on loan servicers. Under
the variety of definitions offered, "should" in the very least imposes a moral obligation or a

strong recommendation, and can mean a duty or necessity. Interpreting "should" as imposing some obligation on the loan servicer is in keeping with the purpose of Announcement 09-05R, which was issued to provide policy clarification and instruction to loan servicers for implementation of the HomeSaver Forbearance program." *Id.* The Court should reject this argument in this case, just as the *Lueras* Court rejected it in interpreting HAMP Supplemental Directive 09-05R

As mentioned earlier, nearly every Deed of Trust in California issued by a large financial institution or mortgage servicer contains language stating that a loan is not assumable. Following Wells Fargo's logic, nearly no mortgage would be assumable if you accept the fact that language in a Deed of Trust stating they are prohibited bars a loan assumption under HAMP. That is certainly not the case, as contractual language is not an "investor guidelines" and Ms. Best-Santos meets "all applicable eligibility criteria." *See* HAMP Supplemental Directive 09-01. Indeed, a plethora of California courts have ruled that this directive must be complied with. *Daniels, et. al. v. Select Portfolio Servicing, Inc., et. al.* (2016) 246 Cal.App.4th 1150; *Majd v. Bank of America, N.A.*, (2016) 243 Cal.App.4th 1293, 1302; *Alvarez v. BAC Home Loans Servicing LP* 228 Cal.App.4th 941, 944 (2014). Finally, as discussed in detail in the complaint, it is highly relevant that Wells Fargo's refusal to process Plaintiff's assumption request also ran afoul of the Home Affordable Modification Act (HAMP) guidelines. As pled in the complaint, HAMP Rule 8.8 of the HAMP guidelines require services to consider successors-in-interest for a loan modification. *See TAC ¶¶39, 92, 148.* Under California law, a failure to process a loan modification in accordance with HAMP guidelines gives rise to an actionable Negligence claim, per *Alvarez* and the *Majd v. Bank of America* case. *Majd v. Bank of America, N.A.,* (2016) 243 Cal.App.4th 1293.

This directly rebuts Wells Fargo's claim that the Plaintiff may not recast a contract claim as a tort claim. Similar to *Alvarez, Majd,* and *Daniels,* Plaintiff's negligence claim is grounded in the fact that Wells Fargo has failed to comply with federal guidelines in processing her loan modification/assumption request. Given that non-borrowers in precisely this situation are directly addressed in HAMP Rule 8.8, it is entirely foreseeable that Wells Fargo (particularly considering the stature it and other of the largest financial institutions in the United States) would cause harm to the Plaintiff by not complying with said guidelines and moral blame is on the side of the Plaintiff. The Court should reject this argument in its entirety.

### D.  PLAINTIFF HAS PROPERLY PLEAD A CLAIM FOR CONVERSION.

Defendant's argue that Plaintiff's allegation are insufficient to support a conversion claim because the "tort of conversion is typically not appropriate where there is a 'misapplication' of funds by a bank or creditor." Furthermore, Defendants argue that there are no allegations that Defendants "absconded with the plaintiff's money", but rather that Defendants sent two payments to the borrower, Jackson Santos. Under California law, the elements of conversion "are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Shopoff & Cavallo LLP v.Hyon,* 167 Cal.App.4th 1489, 1507 (2008).

As an initial matter, Wells Fargo argues that "courts have rarely found that a dispute over funds is a basis for the tort of conversion. After all, such disputes normally turn on interpretation of a contract." However, the cases cited by Wells Fargo speak nothing to the situation here, where a bank improperly took $6,000 from the party responsible for paying a mortgage, pursuant to a Court order, and sent it to someone else – and then called the account into delinquency. There is no doubt that, on these facts, Plaintiff had a right to her money if it was not being

credited towards the mortgage, and Wells Fargo's act of sending it to Mr. Santos was wrongful, and that this substantially harmed Plaintiff by not having the money and having Wells Fargo declare her in default and nearly take home (after refusing to accept subsequent payments based upon this wrongful conversion of her money by sending it to Mr. Santos). Indeed, the only thing that stopped Plaintiff from losing her home through this misconduct was a temporary restraining order issued merely days before the foreclosure sale.

Moreover, in *Fabricon Products v. United Cal. Bank* (1968) 264 Cal.App.2d 113, the Court ruled "[t]hat a payee has an action for conversion, as well as for money had and received, against a collecting bank which has paid out on a check bearing the payee's forged indorsement has heretofore been recognized in California by opinion (Palo Alto etc. Assn. v. First Nat. Bank (1917) 33 Cal. App. 214, 220, 228 [164 P. 1124]; by dicta, Indiana Plumbing Supply Co. v. Bank of America (1967) 255 Cal. App. 2d 910, 915 [63 Cal. Rptr. 658]; Harry H. White Lbr. Co. v. Crocker-Citizens Nat. Bank (1967) supra, 253 Cal. App. 2d 368, 374) and by a recognized treatise on California law, 1 Witkin, Summary of California Law (1960), p. 641." Likewise here, the Defendant improperly took Plaintiff's money and sent them to another party. That is a classic example of a conversion. Defendant's purported "bank" defense is unsupported by the law and should be rejected.

**E. PLAINTIFF HAS PROPERLY PLEAD A CLAIM FOR INTENTIONAL AND NEGLIGENT MISREPRESENTATION.**

In Defendants' moving papers they claim that Plaintiff's allegations in her TAC do not support a misrepresentation claim because since Jackson Santos is still the borrower for the loan and therefore refunding him sums that were in suspense cannot conclude a level of bank fraud. Defendants plead that since Plaintiff's fraud-based claims lack an element of scienter, are contract claims recast as fraud-based claims, do not have adequate specificity because the TAC

does not identify a single person who made a misrepresentation, and since the Defendant does not owe Plaintiff a duty of care the claim must fail.

### 1. The TAC identifies an actionable misrepresentation.

The Third Amended Complaint has properly pleaded a misrepresentation of material fact in its allegations.  The TAC alleges that Wells Fargo made a material misrepresentation in a Notice of Default – which is a publicly recorded document that is even attached to the Defendant's Request for Judicial Notice putting them on full notice of what Plaintiff alleges they misrepresented (despite their claims).  In that document, Plaintiff alleges that Wells Fargo wrongfully stated that Plaintiff was "in default to the tune of approximately $23,241.18." Paragraph 184.  At the time, Plaintiff did not know that Wells Fargo had wrongfully converted her payments and not applied them to the mortgage and, therefore, relied upon the statement in the Notice of Default that she was this much in arrears.   In *West v. JPMorgan Chase,* 214 Cal.App.4th 780, 796 (2013), the Court ruled that an allegation that a plaintiff did not take legal action earlier, based upon misrepresentation, satisfied detrimental reliance.  The Court should similarly find the same here. Plaintiff did not take legal action earlier based upon this misrepresentation and, if she had done so, this matter may have been resolved sooner and her account reinstated.

### 2. The Plaintiff has properly alleged scienter.

In its motion, Wells Fargo argues that Plaintiff insufficiently alleged the element of scienter. However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an

adequate answer from the allegations." (citations omitted)). Finally, in the TAC, plaintiff specifically states that on information and belief, she alleges that Wells Fargo's misrepresentations were intentional. *See TAC ¶¶ 176, 188, 199.*

### F.   PLAINTIFF HAS PROPERLY PLEAD A CLAIM UNDER THE TRUTH-IN LENDING ACT.

Defendants' reiterate that Plaintiff does not qualify as a "consumer" under this statute, that title is extended to her ex-husband Jackson Santos and since Plaintiff failed to join him as an indispensable party this claim is barred.

Wells Fargo focuses on the definition of "consumer", but they ignore the second paragraph in the regulation.  That regulation provides that "[o]n accumulation of sufficient funds to cover a periodic payment in any suspense or unapplied funds account, treat such funds as a periodic payment in accordance with paragraph(c)(1)(ii)."  Plaintiff plainly alleges that Wells Fargo did not do that here, and the regulation does not limit this purview to "consumers" and for good reason.  All sorts of parties may pay mortgages on behalf of borrowers, and their funds may not be properly seized or converted.  Indeed, the intent behind the regulation would clearly include successors-in-interest such as the Plaintiff.  Thus, since the text of the regulation is not limited to requiring servicers to apply funds appropriately only when the "consumer" pays said funds, Plaintiff has plainly stated a claim.

### G.   PLAINTIFF HAS PROPERLY PLEAD A CLAIM FOR UCL.

In their moving papers Defendants plead that Plaintiff's UCL claim is "derivative in nature" and therefore is "predicated on allegation that form the basis of other claims in the TAC." Defendants argue that the first allegation is not pled with sufficient particularity and the second allegation is false because the modification agreement expressly states that the loan is not assumable. Furthermore, Defendants plead that the allegation that Defendants violated 12 C.R.F.

24

§1024.41(f) by initiating foreclosure proceedings is untrue because the loan has been delinquent since at least the plaintiff's divorce. In addition, it is argued that the claims that Defendants violated the Garn St. Germain Act and the California Homeowners' Bill of Rights fail as a matter of law because Defendants did not demand full repayment of the loan and the Court previously dismissed all HBOR claims. In sum, Defendants argue that because Defendants had the right to initiate non-judicial foreclosure because the loan was delinquent and since Defendant's loan servicing protocol did not violate the loan contract or any laws the UCL should be dismissed. However, in the previous Motion to Dismiss the Court ruled that "the scope of an unfair competition claim is extremely broad under California law, that claim will also not be dismissed." *See Order Re: Motion to Dismiss the Second Amended Complaint Docket No. 57.*

In *McGarvey v. JPMorgan Chase Bank, N.A.*, 2013 WL 5597148 (E.D. Cal. Oct. 11, 2013), the Court found that a plaintiff that had inherited a property from her mother had plead viable Negligence and Unfair Business Practices claims (which are also plead here) when she alleged that the servicer had denied her for a HAMP loan modification on the basis that she was not a party to the original mortgage. The analysis of the *McGarvey* Court is highly relevant here, and this claim should not be dismissed either.

### IV.   CONCLUSION

Based on the foregoing, Plaintiff requests that Wells Fargo's motion be denied and that this case proceed towards trial.

Dated:  June 1, 2017

By: ___*/s/ Nelson W. Goodell*___
NELSON W. GOODELL
Attorney for Plaintiff
BARBARA BEST-SANTOS

25

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California, my business address is 5 Third Street, Suite 1100, San Francisco, CA 94103.

On June 1, 2017, I served the foregoing documents entitled:

**NOTICE OF OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; EXHIBITS A-L**

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**DECLARATION OF NELSON W. GOODELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; EXHIBITS A-H**

on all interested parties in said case as follows:

**Served Electronically Via The Court's CM/ECF System:**

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*
Michael Rapkine
Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP
301 North Lake Avenue, Suite 1100
Pasadena, California 91101-4158
Email: mrapkine@afrct.com

*Attorneys for Defendant*
*NBS Default Services, LLC*
Stephen T. Hicklin, Esq.
BUCKLEY MADOLE, P.C.
301 E. Ocean Boulevard, Suite 1720
Long Beach, CA 90802
Tel: 562.983.5363 | Fax: 562.983.5367
Email: stephen.hicklin@buckleymadole.com

26

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

**Executed on June 1, 2017 at San Francisco, California.**

*/s/ Nelson Goodell*
Nelson Goodell