UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA BEST-SANTOS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 15-cv-02323-RS<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR SANCTIONS, WITHOUT PREJUDICE IN PART** |

Pursuant to Civil Local Rule 7-1(b), the motion of defendant Wells Fargo Bank to dismiss the Third Amended Complaint has previously been submitted without oral argument. Plaintiff's motion for sanctions is likewise suitable for disposition without oral argument, and the hearing set for January 11, 2018 is vacated.

1. <u>Motion to dismiss</u>

Wells Fargo previously moved to dismiss the Second Amended Complaint in this action. Although certain claims for relief were dismissed without leave to amend, counts for negligence, unfair business practices, breach of contract, and breach of the implied covenant of good faith and fair dealing were permitted to go forward, and Wells Fargo was directed to file an answer.

Subsequently, plaintiff was granted leave to file a Third Amended Complaint, pursuant to a

stipulated order. New to the Third Amended Complaint are allegations that Wells Fargo improperly paid over to plaintiff's former husband at least two of the payments she has made on the loan. Based on those allegations, plaintiff asserts new counts for conversion, intentional and negligent misrepresentation, and violation of the Truth in Lending Act ("TILA").

The primary thrust of Wells Fargo's motion to dismiss is an argument that it has now located a judicially-noticeable document purportedly establishing that the loan at issue is non-assumable. As a result, Wells Fargo contends, the contractual and related claims that survived the prior motion to dismiss are now foreclosed. On reply, however, Wells Fargo appropriately concedes that argument is not properly raised on this third motion to dismiss, and withdraws it.

Wells Fargo also seeks dismissal of the counts for intentional and negligent misrepresentation, as inadequately pleaded. Prior versions of the complaint contained similar misrepresentation claims, premised on the notion that Wells Fargo was engaging in misrepresentations—intentional or negligent—when it took the positions it did with respect to the fact that she is not a borrower on the loan. Those claims were eventually dismissed without leave to amend.

Although the present misrepresentation claims arise from different facts—Wells Fargo's erroneous delivery of payments to plaintiff's former husband—they are not substantively different from the previously dismissed counts. Whatever other liability Wells Fargo may ultimately face for misdirecting those funds, "misrepresentation" simply is not a viable theory on the facts alleged.

Similarly, plaintiff's attempt to shoehorn these facts into a TILA violation is unavailing. As Wells Fargo points out, TILA protects borrowers. As with the previously dismissed claims under state law protections for borrowers, the fact that plaintiff has cognizable legal interests here does not mean she qualifies for all the same statutory protections enjoyed by one who is an actual borrower under the loan documents.

Plaintiff's conversion claim, in contrast, will be permitted to go forward. Although Wells Fargo points to reasons that the "conversion" label may not fit perfectly, the facts plaintiffs allege

are sufficient to create potential liability for having sent to plaintiff's former husband some of the payments she made.

Finally, Wells Fargo insists plaintiff should be compelled to add her former husband as a party to this action. In light of the state court's ruling in plaintiff's marital dissolution proceeding, her prior husband has no interest in the real property. Wells Fargo has not shown how the mere fact that he is the original borrower on the loan compels a conclusion that his presence in this litigation is necessary.

Accordingly, the motion to dismiss the Third Amended Complaint is granted without leave to amend with respect to the sixth, seventh, and eighth claims for relief (fraud, negligent misrepresentation, and TILA). The motion is otherwise denied. Wells Fargo shall file an answer within 15 days of the date of this order.

2. Motion for sanctions

Plaintiff's motion for sanctions seeks recovery of her attorney fees incurred in two separate categories. First, plaintiff contends Wells Fargo has made various misrepresentations to the court and to plaintiff's counsel during the course of this litigation, regarding her eligibility to assume the loan. Based on those alleged misrepresentations, plaintiff seeks to recover attorney fees she incurred in opposing a motion to dismiss, and in conjunction with an order to show cause that was directed at Wells Fargo. This portion of the sanctions motion is denied. Although the record raises potentially troubling questions as to the accuracy of some of Wells Fargo's representations, plaintiff has not established a basis for sanctions at this juncture, or that the fees she incurred in responding to the motion to dismiss or the order to show cause would be an appropriate measure for such sanctions in any event.

Plaintiff secondly seeks to recover fees she incurred in discovery motion practice and in bringing the sanctions motion. Requests for such discovery sanctions must be presented to the assigned magistrate judge in the first instance. Accordingly, this prong of the motion is also denied. While plaintiff is not foreclosed from renewing this prong of the motion before the

magistrate judge, she should bear in mind that she has previously been discouraged from doing so in that court.

3. Sealing motions

In connection with her opposition to the motion to dismiss and her own motion for sanctions, plaintiff has filed three sealing motions.  (Dkt. Nos. 81, 101, 110).  Each motion seeks to seal information produced in discovery by Wells Fargo, designated as "confidential" under the protective order in this action.  Pursuant to Civil Local Rule 79-5(e)(1), it was incumbent on Wells Fargo to submit declaration a establishing that all of the designated material is sealable.  Wells Fargo did not do so, nor does it appear that much, if any, of the material would qualify for sealing.  Accordingly, the sealing motions are denied.

**IT IS SO ORDERED**.

Dated: January 8, 2018

_____
RICHARD SEEBORG
United States District Judge